IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| OREGON NATURAL DESERT ASS'N and CENTER FOR BIOLOGICAL DIVERSITY, )<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>D. ROBERT LOHN, Regional Administrator, )<br>Nat'l Marine Fisheries Serv., NAT'L MARINE )<br>FISHERIES SERV., CARLOS M. GUTIERREZ, )<br>Secretary, U.S. Department of Commerce, )<br>DAVID R. ALLEN, Regional Director, U.S. Fish )<br>and Wildlife Service, GARY S. MILLER, Field )<br>Supervisor, U.S. Fish and Wildlife Service, U.S. )<br>FISH AND WILDLIFE SERVICE, and DIRK )<br>KEMPTHORNE, Secretary, U.S. Department of )<br>the Interior, )<br>)<br>Defendants. )<br>) | Civil Case No. 06-946-KI<br><br>OPINION AND ORDER<br>ON MOTION TO INTERVENE |

Kristin F. Ruether
Peter M. Lacy
Oregon Natural Desert Association
917 SW Oak Street, Suite 409
Portland, Oregon  97205

Stephanie M. Parent
Pacific Environmental Advocacy Center
10015 SW Terwilliger Blvd.
Portland, Oregon  97219

      Attorneys for Plaintiffs

Jill S. Gelineau
Schwabe, Williamson & Wyatt, P.C.
PacWest Center
1211 SW Fifth Avenue, Suite 1900
Portland, Oregon  97204

M. Reed Hopper
Damien M. Schiff
Pacific Legal Foundation
3900 Lennane Drive, Suite 200
Sacramento, California  95834-1909

      Attorneys for Applicant Defendant-Intervenors

Karin J. Immergut
United States Attorney
District of Oregon
Stephen J. Odell
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902

Sue Ellen Wooldridge
Assistant Attorney General
Jean E. Williams
Lisa L. Russell

-and-

Meredith L. Flax
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P. O. Box 7369
Washington, D. C.  20044-7369

    Attorneys for Federal Defendants

KING, Judge:

Two environmental organizations, the Oregon Natural Desert Association and the Center for Biological Diversity, bring an action against the National Marine Fisheries Service ("NMFS") and the Fish & Wildlife Service ("FWS") (collectively, the "federal defendants") and several individuals in their official capacity.  Before the court is a Motion to Intervene (#14) filed on behalf of Robert L. Brooks, Kenneth R. Brooks, Crum Farming, Inc., Jerome P. McElligott, Matthew C. McElligott, McElligott Joint Trust, Bud McGirr, Vaughan Ranch, Inc., Rocky Bluff Ranch, and Peter McElligott (collectively "applicant-intervenors").  For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiffs allege that the defendant agencies have violated the Endangered Species Act ("ESA") by issuing flawed Biological Opinions ("BiOps") concerning the impacts of livestock grazing on threatened bull trout and steelhead in the Malheur National Forest.  Plaintiffs allege that NMFS and FWS violated the ESA by issuing three BiOps in 2006 that do not properly consider whether grazing will destroy or adversely modify designated steelhead critical habitat, whether grazing will jeopardize the continued existence of steelhead and bull trout, and that

include Incidental Take Statements which inadequately quantify the take amounts and inexplicably raise the permitted take amounts. Plaintiffs request that the court declare the three BiOps violate the ESA, set the BiOps aside, order the agencies to rescind them and consult again to issue valid BiOps for the Malheur National Forest grazing program.

Applicant-intervenors own or share interests in grazing permits issued by the United States Forest Service for grazing allotments on the Malheur National Forest.

The federal defendants takes no position on the motion to intervene. The plaintiffs oppose the motion.

**DISCUSSION**

I.  <u>Intervention as of Right (Federal Rule of Civil Procedure 24(a))</u>

The Ninth Circuit applies a four part test for determining, under Federal Rule of Civil Procedure ("Rule") 24(a), if an applicant has a right to intervene: "(1) the motion must be timely; (2) the applicant must assert a 'significantly protectable' interest relating to property or a transaction that is the subject matter of litigation; (3) the applicant must be situated so that disposition of action may as a practical matter impair or impede the interest; and (4) the applicant's interest must be inadequately represented by the parties." <u>Kootenai Tribe of Idaho v. Veneman</u>, 313 F.3d 1094, 1108-09 (9th Cir. 2002).

Plaintiffs do not dispute that the motion is timely, and I find that it is timely.

Applicant-intervenors argue they have a "significantly protectable interest" in the case because their livelihood depends on permission to access grazing lands in the Malheur National Forest. However, according to plaintiffs, the Ninth Circuit has clarified that private parties do not have a "significantly protectable interest" within the meaning of Rule 24(a) in actions where,

as here, a federal agency is the only entity liable for compliance with the statute. The Ninth

Circuit summarized several prior cases and stated:

> We read our precedent to hold that the private intervenors in this NEPA action may not intervene as of right pursuant to Rule 24(a). As a general rule, the federal government is the only proper defendant in an action to compel compliance with NEPA. This rule is based on the premise that private parties do not have a "significant protectable interest" in NEPA compliance actions. . . . The rationale for our rule is that, because NEPA requires action only by the government, only the government can be liable under NEPA. Because a private party can not violate NEPA, it can not be a defendant in a NEPA compliance action. Based on this precedent, we conclude that the district court erred to the extent it permitted intervention as of right under Rule 24(a).

Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1108 (9th Cir. 2002) (internal quotations and citations omitted).

Plaintiffs admit that this "none but the federal defendant" rule has been applied most often in NEPA cases, but argue that it applies to ESA actions as well. See, e.g., Friends of the Wild Swan, Inc. v. U.S. Fish & Wildlife Serv., 896 F. Supp. 1025 (D. Or. 1995) (holding same for ESA action); Oregon Natural Desert Ass'n v. U.S. Forest Service, No. 04-3096-CO, slip op. at 7 (D. Or. Apr. 28, 2005) ("[t]his case does not differ significantly from other government compliance actions in which courts have held the government is the only proper defendant" in case brought under the ESA, NFMA and NEPA); Southwest Center for Biological Diversity v. U.S. Forest Service, 82 F. Supp. 2d 1070, 1074 (D. Ariz. 2000) (NEPA and ESA are similar, and "[t]he heart of this legal battle is whether the Forest Service has performed its duty to consult in connection with the issuance of certain grazing permits. Because only the Forest Service can 'comply' with this duty, only the Forest Service can and should be a defendant for the liability phase of the litigation.").

Page 5 - OPINION AND ORDER ON MOTION TO INTERVENE

Applicant-intervenors reply that <u>Kootenai</u> is a NEPA case, and that the court held the way it did for three reasons: (1) only the federal government can be required to act under NEPA; (2) private parties do not have a "significantly protectable interest" in the NEPA context; and (3) only federal agencies can be defendants in a NEPA case. According to applicant-intervenors, however, under the ESA (1) private parties must act or refrain from acting under Section 9 (the "take" provision) and Section 10 (the incidental take permit); (2) private parties can have a significantly protectable interest in habitat conservation plans under Section 10 or incidental take statements under Section 7; and (3) private parties can sue and be sued under the ESA's citizen suit provision.

I find that because the federal agencies are the only entities charged with compliance under Section 7 of the ESA, only NMFS and the FWS are the proper defendants for purposes of Rule 24(a) intervention as of right. Plaintiffs are complaining that the federal defendants did not properly carry out their duties under Section 7. A private party cannot violate Section 7. Although the applicant-intervenors point to other sections in the ESA which require private parties to act or refrain from acting (e.g. Sections 9 and 10), plaintiffs only challenge whether the federal government properly carried out its duty under Section 7. <u>See also</u> <u>Hells Canyon Preservation Council v. U.S. Forest Service</u>, CV 00-755-HU (D. Or. Dec. 18, 2000) ("claims for violation of section 7 of the ESA involve only compliance by the agency at issue").

The Ninth Circuit cases on which applicant-intervenors rely are inapposite. The court did not discuss the "none but the federal defendant" rule in <u>Idaho Farm Bureau Federation v. Babbitt</u>, and instead applied the rule that a public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported. 58 F.3d 1392, 1397 (9th Cir.

1995) (intervenors permitted in an action challenging the ESA listing of the Bruneau Hot Springs Snail). No similar public participation component exists for Section 7 consultation. Similarly, in Southwest Center for Biological Diversity v. Berg, the "none but the federal defendant" rule did not make an appearance because plaintiffs brought suit against both the FWS and the City of San Diego, challenging the City's conservation plan. 268 F.3d 810 (9th Cir. 2001) (Ninth Circuit reversed district court's denial of intervention in case challenging conservation plan; pending construction projects depended on issuance of the City's Incidental Take Permit). A non-federal defendant's compliance with the ESA was, therefore, directly at issue.

In addition, I reject applicant-intervenors' argument that the federal defendants will not adequately represent the applicant-intervenors' interests because the federal defendants have only an institutional interest in defending the BiOps as opposed to an "on the ground" position.

The Ninth Circuit applies the following three-part test in evaluating this factor: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003). In addition, "[w]hen an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises. If the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation." Id. at 1086 (internal citations omitted).

Here, federal defendants and applicant-intervenors have the same interest–upholding the BiOps. Applicant-intervenors give no reason to believe the federal government will not work

Page 7 - OPINION AND ORDER ON MOTION TO INTERVENE

hard to defend its product.  In addition, I note that the applicant-intervenors' proposed answer is virtually identical to the federal defendants' answer.  Accordingly, applicant-intervenors have not overcome the presumption of adequate representation.

For the foregoing reasons, I deny applicant-intervenors motion to intervene under Rule 24(a).

II.    Permissive Intervention (Rule 24(b))

The Ninth Circuit had made it clear that the "none but the federal defendant" rule is applicable under Rule 24(a) and does not limit the court's discretion to allow permissive intervention under Rule 24(b).  Kootenai, 313 F.3d at 1109.  Thus, I must still determine under Rule 24(b) whether and to what extent the applicant-intervenors should be allowed to participate in this action.

Rule 24(b) provides: "Upon timely application anyone may be permitted to intervene in an action . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Permissive intervention is discretionary with the district court.  Spangler v. Pasadena City Board of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977).

With respect to the liability phase of this action, I find that applicant-intervenors will not "significantly contribute to [the] full development of the underlying . . . issues in the suit and to the just and equitable adjudication of the legal questions presented."  Spangler, 552 F.2d at 1329. Only federal defendants can be held to comply with Section 7, and applicant-intervenors can offer no insight into whether the FWS and NMFS complied with those duties.  In addition, I am

Page 8 - OPINION AND ORDER ON MOTION TO INTERVENE

persuaded by a comment made by the District of Idaho in <u>Western Watersheds</u>, a case on which plaintiffs rely. The court stated,

> If proposed intervenors were allowed to address liability issues under these circumstances, an absurd result could follow. For example, if the Forest Service concedes inadequacies in its management of the Forest or in its preparation of an EIS/ROD, the intervenors could argue to the contrary. That would give intervenors a measure of control over the direction of the litigation, which could translate down the line into a measure of control over Forest management because litigation often sets boundaries for management. Yet the Forest Service is the exclusive steward of the Forests. The steward must make the final call on whether to defend its own conduct, and, if so, how that defense will be made.

<u>Western Watersheds Project v. U.S. Forest Service</u>, No. 05-0189-E-BLW, 2005 WL 3244253, at * 1 (D. Idaho Nov. 4, 2005).

Nevertheless, I grant applicant-intervenors' request for permissive intervention in the remedial phase of this litigation. I note plaintiffs' argument that the grazing permits are not put directly at issue in this litigation. However, any decision regarding renewed consultation under the ESA will, practically speaking, will have at least some effect on applicant-intervenors' grazing permits. Accordingly, intervention in the remedial phase is appropriate.

///

///

///

## CONCLUSION

For the foregoing reasons, applicant-intervenors are denied intervention as of right, but are permitted to intervene in the remedial phase of this litigation. In addition, I will construe the applicant-intervenors' proposed Motion for Summary Judgment (#30) as an *amicus* brief.

IT IS SO ORDERED.

Dated this       20th       day of December, 2006.

                                          /s/ Garr M. King
                                        Garr M. King
                                        United States District Judge